IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION


DONNA BUCHANAN; And
THOMAS T. BUCHANAN                                              PLAINTIFFS


VERSUS                                    CIVIL ACTION NO. 2:06cv199KS-MTP


STATE FARM AND CASUALTY COMPANY;
And MIKE ZACHARY                                                DEFENDANTS


MEMORANDUM OPINION AND ORDER

This matter is before the court on Motion to Remand **[#8]** filed on behalf of the plaintiffs and on Motion to Dismiss **[#3]** filed on behalf of the defendant Mike Zachary. The court, having reviewed the motions, the responses, the pleadings and exhibits on file, the briefs of counsel, the authorities cited, and being fully advised in the premises, finds that both motions should be denied. The court specifically finds as follows:


FACTUAL BACKGROUND

On August 19, 2005, the plaintiffs completed the cash purchase of a "Camp" in Hancock County, Mississippi. After the closing, the plaintiffs went to the office of Zachary, who had acted as their property insurance agent for a number of years, to complete the procurement of property, casualty and flood insurance on the subject property. An application was completed and signed for both a homeowner's policy and a flood policy and premiums were paid. The applications showed an effective date of coverage for both policies as August 19, 2005.

On August 29, 2005, Hurricane Katrina struck Mississippi and the plaintiffs' Camp in Hancock County was totally destroyed. The plaintiffs made claims under both State Farm policies after, according to the allegations of the complaint, being repeatedly assured by Zachary and State Farm that the Camp was covered. The homeowner's policy apparently contains the well-publicized water exclusion, thus coverage was denied thereunder. Coverage under the flood policy was denied because of the federal requirement of a thirty day waiting period for coverage when there is a cash purchase of property as opposed to no waiting period for a financed purchase.

Feeling aggrieved, the plaintiffs filed the instant action in the Circuit Court for the Second Judicial District of Jones County, Mississippi, on July 25, 2006. On August 24, 2006, the defendants removed the action to this court alleging; 1) that Zachary had been fraudulently joined giving this court diversity jurisdiction; and 2) that the claims related to the flood insurance policy raise exclusively federal concerns to invoke this court's federal question jurisdiction. Concurrently with removal, defendant Zachary filed his motion to dismiss. The plaintiffs then filed their timely motion to remand and have moved to stay Zachary's dismissal motion pending the court's ruling on the remand issue.

## **STANDARD OF REVIEW - REMAND**

The Fifth Circuit has consistently held that the party urging jurisdiction upon the District Court bears the burden of demonstrating that the case is one which is properly before that Court. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993);

*Village Fair Shopping Co. v. Sam Broadhead Trust*, 588 F.2d 431 (5th Cir. 1979); *Ray v. Bird & Son and Asset Realization Co., Inc.*, 519 F.2d 1081 (5th Cir. 1975).  Even though this Court has a limited jurisdiction whose scope is defined by the constitution and by statute, "[w]hen a federal court is properly appealed to in a case over which it has, by law, jurisdiction, 'it has a duty to take such jurisdiction.'" *England v. Louisiana Medical Examiners,* 375 U.S. 411, 84 S. Ct. 461, 11 L.Ed.2d 440, 445 (1964) (other citations omitted).  Chief Justice Marshall wrote in *Cohens v. Virginia*, 19 U.S. 264, 5 L.Ed. 257, 291 (1821), "It is true that this court will not take jurisdiction if it should not; but it is equally true, that it must take jurisdiction if it should."

### Improper/Fraudulent Joinder

"The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one.*"* *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981).  "The removing party must show either that there is <u>no possibility</u> that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts." *Id.* at 549; (emphasis added) (*citing Keating v. Shell Chemical Co.*, 610 F.2d 328 (5th Cir. 1980); *Tedder v. F.M.C. Corp. et al*, 590 F.2d 115 (5th Cir. 1979); *Bobby Jones Garden Apts. v. Suleski*, 391 F.2d 172 (5th Cir. 1968); *Parks v. New York Times Co.*, 308 F.2d 474 (5th Cir. 1962)(*cert. denied*, 376 U.S. 949, 84 S. Ct. 964, 11 L. Ed. 2d 969 (1964)))

This court must refer to the allegations made in the original pleading to determine whether the plaintiffs can make out a viable claim against the resident

defendant, Zachary.  *See Tedder v. F.M.C. Corp.*, 590 F.2d at 116; and *Gray v. U. S. Fidelity and Guaranty Co.*, 646 F. Supp. 27, 29 (S.D. Miss. 1986).  Those allegations must be construed most favorably to the plaintiffs as the parties opposing removal, resolving all contested issues of fact and ambiguities in the law in favor of the plaintiffs. *B. Inc.*, 663 F.2d at 549.  *See also*, *Bobby Jones Garden Apts.*, 391 F.2d at 177; and *Carrier v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990).

   When considering whether a non-diverse defendant has been fraudulently joined to defeat diversity of citizenship jurisdiction, courts may "pierce the pleadings" and consider "summary judgment-type" evidence such as affidavits and deposition testimony.  *See Cavallini v. State Farms Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995). Conclusory or generic allegations of wrongdoing on the part of the non-diverse defendant are not sufficient to show that a defendant was not fraudulently joined.  See *Badon v. RJR Nabisco, Inc.* 224 F.3d 382, 392-93 (5th Cir. 2000); and *Peters v. Metropolitan Life Ins. Co.*, 164 F.Supp.2d 830, 834 (S.D. Miss. 2001).  Removal is proper if the plaintiffs' pleading is pierced, and it is shown that as a matter of law there is no reasonable basis for predicting that the plaintiffs might establish liability on that claim against Zachary.  *Badon*, 224 F.3d at 390.

   Regarding piercing the pleadings in an improper] joinder case, the Fifth Circuit has held that

> A court may resolve the issue in one of two ways. The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant.  Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts

> that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.

*Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)(*en banc*)(internal footnotes omitted)(*cert. den.* 125 S.Ct. 1825, 73 USLW 3372 , 73 USLW 3612 , 73 USLW 3621 (U.S. Apr 18, 2005) (NO. 04-831)).  However, the Fifth Circuit went on to caution,

> While the decision regarding the procedure necessary in a given case must lie within the discretion of the trial court, we caution that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant.  In this inquiry the motive or purpose of the joinder of in-state defendants is not relevant. We emphasize that any piercing of the pleadings should not entail substantial hearings. Discovery by the parties should not be allowed except on a tight judicial tether, sharply tailored to the question at hand, and only after a showing of its necessity. Attempting to proceed beyond this summary process carries a heavy risk of moving the court beyond jurisdiction and into a resolution of the merits, as distinguished from an analysis of the court's diversity jurisdiction by a simple and quick exposure of the chances of the claim against the in-state defendant alleged to be improperly joined. Indeed, the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden.

*Id.* at 573-74 (internal footnotes omitted).

## **Federal Question Jurisdiction**

The defendants also assert jurisdiction on the basis that this case presents a federal question which is to be properly resolved by the federal courts.  Specifically, they contend that the plaintiffs' complaint presents a real and substantial controversy involving the effect and construction of federal law, to-wit, the National Flood Insurance Act of 1968 (NFIA), 42 U.S.C. §4001, *et seq.*  However, the plaintiffs have specifically disavowed any claims under the NFIA but they do present claims for breach of contract

relating to the non-payment of the policies at issue and further, they request reformation of the contracts of insurance. The defendant contend that this so-called "artful pleading" invokes the well-pleaded complaint rule. The plaintiffs' response to the invocation of federal question jurisdiction is to argue that they have not pled any federal claims, but rather have specifically disavowed any claims arising under the NFIA. They contend that they are only seeking damages for failure to procure insurance and for damages caused by the defendants' wrongful assertions that the policies were in force and covered the flood damages, when they did not.

In order for the court to properly entertain removal jurisdiction pursuant to 28 U.S.C. § 1441(b) under federal question auspices, the cause of action must be one which arises "under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. A suit arises under federal law if some substantial, disputed question of federal law appears on the face of the well pleaded complaint. *See Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 12, 103 S. Ct. 2841, 2848, 77 L. Ed. 2d 420 (1983). "A defendant may not remove on the basis of an anticipated or even inevitable federal defense, but instead must show that a federal right is 'an element, and an essential one, of the plaintiff's cause of action.'" *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995)(*quoting Gully v. First Nat'l Bank*, 299 U.S. 109, 111, 57 S. Ct. 96, 97, 81 L. Ed. 70 (1936)).

Under the well pleaded complaint rule, federal jurisdiction is found to exist only where a federal claim is presented on the face of the plaintiffs' properly pleaded complaint. *See Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475, 118 S. Ct. 921, 139 L. Ed. 2d 912 (1998). The defendants argue that a careful reading of the complaint

leads to the inevitable conclusion that the plaintiffs, while attempting to disavow claims arising under the NFIA, make numerous claims relating to breach and reformation of the policies with a demand that the policies be enforced.

The artful pleading doctrine is a *narrow* exception to the well pleaded complaint rule, and applies only when one has inappropriately characterized his federal claim as a state claim. This "artful pleading" exception is generally applicable, however, only in the case of complete preemption. *See Carpenter v. Wichita Indep. Sch. Dist.*, 44 F.3d at 367. Complete preemption applies in areas where Congress has chosen to completely extinguish the existing state common law concerning a subject matter area. Under Supreme Court precedent, "a state claim may be removed to federal court in only two circumstances - when Congress expressly so provides, such as in the Price-Anderson Act, . . . or when a federal statute wholly displaces the state-law cause of action through complete pre-emption." *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8, 123 S.Ct. 2058, 2063, 156 L.Ed.2d 1 (2003). There is a third kind of preemption, conflict preemption, which is a defense and does not support removal, per se. *See Perry v. Mercedes Benz of N. Am. Inc.*, 957 F.2d 1257 (5th Cir. 1992).

## ANALYSIS

A careful review of the law governing the NFIA clearly leads one to the inescapable conclusion that federal law governs any issue concerning the claims handling process of a policy issued pursuant to the NFIA. As the Fifth Circuit has held

> Since the flood insurance program is a child of Congress, conceived to achieve policies which are national in scope, and since the federal

> government participates extensively in the program both in a supervisory capacity and financially, it is clear that the interest in uniformity of decision present in this case mandates the application of federal law.
>
> . . .
>
> In sum, federal law controls disputes over the coverage of insurance policies issued pursuant to the National Flood Insurance Act of 1968 regardless of whether the district court exercises jurisdiction under 42 U.S.C.A. § 4053 or under 28 U.S.C.A. § 1332. Congress has undertaken to establish a comprehensive flood insurance program under the control of the Department of HUD to achieve policies national in scope, and the interest in uniformity of decisions compels the application of federal law.

*West v. Harris*, 573 F.2d 873, 881, 882 (5th Cir. 1978).

Further, any ambiguity about whether state tort claims relating to the handling of claims made under NFIA policies was clarified in *Wright v. Allstate Insurance Company*, 415 F.3d 384 (5th Cir. 2005), when the court held "[w]e join these circuits in holding that state law tort claims arising from claims handling by a WYO are preempted by federal law." *Id.* at 390.

Additionally, the Federal Emergency Management Agency (FEMA), which is charged with implementing the NFIA, amended the Standard Flood Insurance Policy issued by all companies in 2000 to read, "This policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968 . . . and Federal common law." 44 C.F.R. pt. 61, app. A(1), art. IX. *See Gallup v. Omaha Property and Cas. Ins. Co.*, 434 F.3d 341 (5th Cir. 2006)(recognizing that FEMA has the authority to adopt regulations that declare preemption of state tort claims in relation to claims handling under the NFIA as was done by the 2000 amendment).

Thus, clearly any claims made by the plaintiffs in relation to the claims handling process including any claims for breach of contract and reformation are governed by

...

federal law and preempted from state tort law. However, once again the plaintiffs argue that they have specifically disavowed any such claims and are only seeking damages for failure to procure and for the repeated assurances that coverage was in place when it was not. A review of the plaintiffs' complaint show this argument to be disingenuous.

The complaint clearly states that "State Farm owed a duty . . . to honor the contract for flood insurance . . ., to pay for all damages suffered . . .."; that State Farm "willfully and deliberately" breached the contract; and that there was a partial performance of the contract thus the contract was "thereby perfected" and "State Farm breached their duty to abide by the performed contract."

It has long been accepted that the plaintiffs are generally the masters of their own complaint. *See Healy v. Sea Gulf Specialty Co.*, 237 U.S. 479, 480, 35 S. Ct. 658, 659, 59 L. Ed. 1056 (1915), and *The Fair v. Kohler Dye and Specialty Co.*, 228 U.S. 22, 23, 33 S. Ct. 410, 411, 57 L. Ed. 716 (1913). It is well settled that "a plaintiff with a choice between federal and state law claims may elect to proceed in state court on the exclusive basis of state law, thus defeating the defendant's opportunity to remove, but taking the risk that his federal claims will one day be precluded." *Carpenter v. Wichita Indep. Sch. Dist.*, 44 F.3d at *366(citing Merrill Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 809, 106 S. Ct. 3229, 3233, n. 6, 92 L. Ed. 2d 650 (1986)). Nevertheless, the plaintiffs may not artfully plead their complaint in a way that avoids federal jurisdiction in the face of complete preemption while seeking the very remedy which is clearly governed by federal law.

It is the opinion of this court that the bulk of the plaintiffs' claims are related to the flood policy and the failure of State Farm to properly adjust their flood claim

thereunder and to pay the proceeds thereof.  Conversely, the plaintiffs have indeed made out an extra-contractual claim for failure to procure insurance on the part of Zachary and State Farm which is not, necessarily, preempted.  *See Wright v. Allstate Insurance Company*, 415 F.3d at 389, n.3.

As to the alleged fraudulent joinder of Zachary, this court agrees with Judge Senter's opinion in *Buente v. Allstate Ins. Co.*, 422 F.Supp.2d 690, 695 (S.D. Miss. 2006), which states

> As a general rule of law, both a principal and its agent are liable for the torts of the agent committed in the course and scope of the agency and within the actual or apparent authority delegated to the agent by the principal. *Wheeler v. Frito-Lay*, 743 F.Supp. 483 (S.D.Miss.1990). Mississippi law, . . ., imposes no duty on the agent of an insurer to recommend particular coverages or to analyze the insurance needs of a prospective customer (with the exception of a duty to properly inform the insured concerning uninsured motorist coverage, an exception that has no application to this case). *Owens v. Mississippi Farm Bureau Cas. Ins. Co.*, 910 So.2d 1065 (Miss.2005). In certain circumstances, however, an agent acting for an insurer with actual or apparent authority to do so, may make statements and representations that become legally binding on the insurer, and this is true even if the statements contradict the terms of an insurance policy. *Nichols v. Shelter Insurance Co.*, 923 F.2d 1158 (5th Cir.1991); *Scott v. Transport Indemnity Co.*, 513 So.2d 889 (Miss.1987).

and

> Under applicable Mississippi law, an agent for an insurance company has the authority to make certain binding representations on behalf of the insurer, and, in certain circumstances, the insurer and the agent may be liable for misrepresentations concerning issues of coverage. *Nichols v. Shelter Insurance Co.,* 923 F.2d 1158 (5th Cir.1991).

*Id.* at 697.

Thus, the plaintiffs have stated potential claims against Zachary which preclude his dismissal and which would normally make the case non-removable.  However, in

light of the federal question jurisdiction of the court, it is proper for the court to deny remand and keep the claims asserted against Zachary as well as the non-preempted state tort claims asserted against State Farm pursuant to this court's supplemental jurisdiction.

Supplemental jurisdiction under 28 U.S.C. § 1367 is a codification of the ancillary and pendent jurisdiction doctrines.  Section 1367(a) provides:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy. . .

If the court dismisses the federal claims, the court may properly decline jurisdiction over the state law claims under Subsection (c) of § 1367.  Section 1367(c) provides:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if --
>
> > (1) the claim raises a novel or complex issue of state law,
> >
> > (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> >
> > (3) the district court has dismissed all claims over which it has original jurisdiction, or
> >
> > (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

The exercise of pendent (supplemental) jurisdiction should be viewed consistent with considerations of judicial economy, convenience and fairness to the litigants.  *See Laird v. Bd. of Trustees of Inst. of Higher Learning*, 721 F.2d 529 (5th Cir. 1983).

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Remand **[#8]** is Denied and the Motion to Dismiss defendant Zachary **[#3]** is Denied and the Motion to Stay Zachary's dismissal motion **[#66]** is Denied.

SO ORDERED AND ADJUDGED this the 29th day of March, 2007.


*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE